UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JUAN C. JIMENEZ,

    Plaintiff,

v.

ENVISION PHYSICIAN SERVICES, LLC
a foreign limited liability company,

    Defendant.
_____/

## ORIGINAL COMPLAINT

Plaintiff, JUAN C. JIMENEZ, (hereinafter "JIMENEZ" or "Plaintiff"), through his retained undersigned counsel, files this Complaint against Defendant, ENVISION PHYSICIAN SERVICES, LLC, a foreign limited liability company, and states:

## PRELIMINARY STATEMENT

This is an action under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, to remedy interference with the Plaintiff's exercise of his FMLA rights and discrimination/retaliation against Plaintiff in the form of his termination from employment for having sought to exercise his rights under the FMLA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

2. Venue is proper for the United States District Court for the Southern District of Florida because:

1

(a) The Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida; and,

(b) additionally, venue lies pursuant to 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida, and because the Defendant is subject to personal jurisdiction there; and,

(c) the Plaintiff resides in this district.

## PARTIES

3. JIMENEZ is a *sui juris* individual and a resident of Broward County which is within the Southern District of Florida.

4. JIMENEZ was employed by the Defendant as a full-time billing systems support specialist from about February 2019 until his termination on or about July 18, 2022.

5. Plaintiff was an "eligible employee" within the meaning of the FMLA and worked for Defendant more than 1,250 hours in the 12 months preceding his request for medical leave under the FMLA.

6. The corporate Defendant is a limited liability company authorized to and in fact doing business in the State of Florida, and which employed JIMENEZ at its offices located in Plantation, Florida until about March 2020, and thereafter remotely with JIMENEZ working from his home in Broward County, Florida.

7. The Defendant constitutes an "employer" within the meaning of the FMLA and at all times relevant to this Complaint employed 50 or more full-time employees.

8. At the time Defendant interfered with Plaintiff's FMLA rights and retaliated against him for attempting to exercise those rights Plaintiff was or had recently been on FMLA leave relating to a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611.

## CONDITIONS PRECEDENT

9. Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## STATEMENT OF FACTS

10. JIMENEZ began his employment with Defendant as a full-time billing systems support specialist in February 2019 at Defendant's offices in Plantation, Florida. Defendant is in the business of billing for medical services.

11. JIMENEZ was a conscientious and superior employee who was qualified for his position and performed his job competently throughout his employment.

12. On or about April 20, 2022 JIMENEZ was given an approximately 15 percent raise in pay, in recognition of his past and ongoing reliable, commendable and committed job performance.

13. Only about two weeks later, on or about May 3, 2022, JIMENEZ suffered a serious seizure while outside of work. He had never had a seizure before.

14. JUMENEZ was hospitalized at Memorial Hospital West for three (3) nights (May 3, 4 and 5, 2022) while recovering and undergoing treatment.

15. JIMENEZ informed Defendant of his seizure and hospitalization and requested FMLA leave so that he could undergo continuing and multiple treatments in the following weeks for his serious health condition.

16. Upon information and belief, JIMENEZ was on FMLA-designated leave for approximately one (1) month, from the time of his hospitalization until June 5, 2022.

17. JIMENEZ was medically cleared to and indeed did return to work on or about June 6, 2022.

18. Over the next six (6) weeks JIMINEZ performed his job well and required only brief sporadic time off work for medical treatment related to his condition.

19. JIMENEZ was abruptly terminated by telephone call on or about July 18, 2022, only about 6 weeks after returning to work.

20. The reason given for the termination was that JIMENEZ's recent "productivity" was supposedly lower than it had been in the past, although Defendant offered no quantifiable metrics to support this claim other than alluding to the time period JIMENEZ was on FMLA leave following his seizure.

21. Plaintiff has retained the undersigned legal counsel to prosecute this action on his behalf, and has agreed to pay counsel a reasonable fee for his services.

22. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
### Violation of the FMLA: Interference

23. Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 22 as fully set forth above.

24. As an employee of an employer within the meaning of the FMLA, Plaintiff was entitled to seek up to 12 weeks of leave for the treatment of a serious health condition.

25. At the time that JIMENEZ invoked his FMLA leave rights, he was eligible for such leave because he had worked for Defendant for more than 1,250 hours in the 12 months preceding his request.

26. At all times material, Defendant was an "employer" within the meaning of the Act.

27. By requesting time off of work to seek medical care for a serious health condition, Plaintiff was invoking his FMLA rights to take time off of work and be restored to the same position and pay once he recovered and returned from such leave.

28. Defendant interfered with Plaintiff's invocation and attempt to exercise his FMLA rights and in fact denied him the substantive FMLA benefits to which he was entitled.

29. Defendant's actions in denying JIMENEZ the FMLA rights to which he was entitled violate the FMLA.

**WHEREFORE,** the Plaintiff requests this Honorable Court to:

    a. Declare Defendant's conduct to be in violation of the FMLA;

    b. Award damages in the amount of backpay, benefits, and other compensation denied or lost because of the Defendants' unlawful conduct, plus interest on those amounts;

    c. Award an additional amount as liquidated damages equal to the amount awarded under the above paragraph (b);

    d. Order equitable relief as appropriate, including reinstatement or front pay;

    e. Award Plaintiff his reasonable attorneys' fees and costs; and,

    f. Order such other additional relief that the Court deems appropriate under the circumstances.

## COUNT II
### Violation of the FMLA: Retaliation

30. JIMENEZ re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 22 as fully set forth above.

31. As an employee of an employer within the meaning of the FMLA, Plaintiff was entitled to seek up to 12 weeks of leave for the treatment of a serious health condition.

32. At the time that JIMENEZ invoked his FMLA leave rights, he was eligible for such leave because he had worked for Defendant for more than 1,250 hours in the 12 months preceding his request.

33. At all times material, Defendant was an "employer" within the meaning of the Act.

34. By requesting time off of work to seek medical care and treatment for a serious health condition, Plaintiff was invoking his FMLA rights to take time off of work and be restored to the same position and pay once he recovered and returned from such leave.

35. Defendants intentionally retaliated against Plaintiff's invocation and/or attempted invocation of his FMLA rights and in fact intentionally discriminated against him in the form of an adverse employment action (JIMENEZ's termination) for Plaintiff having invoked or attempted to invoke his FMLA rights.

36. Defendant's action in retaliating/discriminating against Plaintiff violate the FMLA.

**WHEREFORE,** the Plaintiff requests this Honorable Court to:

g. Declare Defendants' conduct to be in violation of the FMLA;

h. Award damages in the amount of backpay, benefits, and other compensation denied or lost because of the Defendants' unlawful conduct, plus interest on those amounts;

i. Award an additional amount as liquidated damages equal to the amount awarded under the above paragraph (b);

j. Order equitable relief as appropriate, including reinstatement or front pay;

k. Award Plaintiff his attorneys' fees and costs; and,

l. Order such other additional relief that the Court deems appropriate under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 1, 2022    Respectfully filed,

*By: s/ Dion J. Cassata*
Dion J. Cassata
Florida Bar No. 672564
Email: *dion@cassatalaw.com*

CASSATA LAW, PLLC
Boca Crown Centre
7999 N. Federal Highway
Suite 202
Boca Raton, Florida 33487
Telephone:  (954) 364-7803
Facsimile:  (954) 251-4787

*Counsel for Plaintiff*